UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CINDY TAYLOR,** *on behalf of* **Hailey Grove,**

      **Plaintiff,**

   v.

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendants.**

Civil Action 2:20-cv-5785
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

### REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Ms. Cindy Taylor's Application to Proceed *in forma pauperis*. (ECF Nos. 1, 4.) For the reasons that follow, it is **RECOMMENDED** that Ms. Taylor's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is

a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)). When examining applications to proceed *in forma pauperis* submitted on behalf of a minor, the Court considers the income and assets of both the minor and the custodian. *See Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) ("[W]here leave to proceed *In forma pauperis* is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian *Ad litem* should be considered in determining ability to pay the costs of litigation."); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted).

Here, the information set forth in Ms. Taylor's *in forma pauperis* affidavit does not demonstrate her inability to pay. Rather, Ms. Taylor's affidavit reflects that her average monthly income is $4,000, and that she receives "kinship care" in the amount of $300 per month. Although Ms. Taylor indicates that she has dependents, she has not told the Court how many dependents she has, nor how much money she contributes to their care. However, the undersigned notes that Ms. Taylor is suing on behalf of her granddaughter, Ms. Hailey Grove. Moreover, Ms. Taylor receives "kinship care," and so it seems likely that Ms. Grove is Ms.

Taylor's dependent.  Assuming Ms. Taylor does support Ms. Grove, Ms. Taylor's income is almost three times the poverty level of income for a family of two.  *See Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where the plaintiff's income was more than twice the federal poverty level).  In addition, the affidavit demonstrates that Ms. Taylor has significant valuable assets, including real estate valued at approximately $80,000, which Ms. Taylor indicates that she owns without a mortgage.  *See Cognetto*, 2014 WL 358465, at *1 (noting that for purposes of evaluating an application to proceed in forma pauperis under § 1915(a), assets to be considered "include equity in real estate and automobiles").

In sum, in view of Ms. Taylor's income and her assets totaling approximately $80,000, the undersigned finds that Ms. Taylor has not demonstrated that, because of her poverty, she is unable to pay for the costs of this litigation and still provide for herself.  It is therefore **RECOMMENDED** that Ms. Taylor's Application to Proceed *in forma pauperis* be **DENIED** based on the information Ms. Taylor has presently provided.  The undersigned notes, however, that Ms. Taylor's affidavit is incomplete.  It is therefore **RECOMMENDED** that Ms. Taylor be **ORDERED** to either **FILE** a completed affidavit or **PAY** the required $400 filing fee within **FOURTEEN (14) DAYS** if she intends to proceed.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  /s/ *Chelsey M. Vascura*
                                                  CHELSEY M. VASCURA
                                                  UNITED STATES MAGISTRATE JUDGE