**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CINDY TAYLOR, on behalf of minor H.J.G.,**

**Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

**Civil Action 2:20-cv-5785**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

## REPORT AND RECOMMENDATION

Plaintiff, Cindy Taylor ("Plaintiff"), who is proceeding on behalf of her minor grandchild, H.J.G., brings this action under 42 U.S.C. § 1382c(a)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying H.J.G.'s application for child's supplemental security income. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 20), the Commissioner's Memorandum in Opposition (ECF No. 21), and the administrative record (ECF No. 17). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's determination.

## I. BACKGROUND

Plaintiff protectively filed an application for child's supplemental security income on behalf of H.J.G. on November 15, 2016, alleging a disability onset date of September 1, 2006 (H.J.G.'s date of birth). (R. 179–84.) On June 19, 2019, following administrative denials of

Plaintiff's application initially and on reconsideration, a hearing was held before Administrative Law Judge Ronald Herman (the "ALJ"). (R. 36–58.) Plaintiff, and H.J.G., represented by counsel, appeared and testified. On July 9, 2019, the ALJ issued a decision denying benefits. (R. 15–31.) On September 2, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–3.)

Plaintiff commenced the instant action on November 6, 2020. (ECF No. 1.) In her Statement of Errors, Plaintiff's sole contention of error is that the ALJ erred in determining that H.J.G. had less than a marked limitation in the domain of attending and completing tasks. (ECF No. 20).

## II. THE ALJ'S DECISION

On July 9, 2019, the ALJ issued a decision finding that H.J.G. was not disabled within the meaning of the Social Security Act. (R. 15–31.) The ALJ first set forth the three-step sequential evaluation process the Social Security Regulations require ALJs to employ in assessing whether an individual under the age of 18 is disabled. (R. 16-18); *see also* 20 C.F.R. § 416.924(a).[1] At step one of the sequential evaluation process, the ALJ found that H.J.G. had

[1] The Social Security Regulations require the ALJ to comply with the following three-step sequential evaluation process to determine if a child is disabled:

> We follow a set order to determine whether you are disabled. If you are doing substantial gainful activity, we will determine that you are not disabled and not review your claim further. If you are not doing substantial gainful activity, we will consider your physical or mental impairment(s) first to see if you have an impairment or combination of impairments that is severe. If your impairment(s) is not severe, we will determine that you are not disabled and not review your claim further. If your impairment(s) is severe, we will review your claim further to see if you have an impairment(s) that meets, medically equals, or functionally equals the listings. If you have such an impairment(s), and it meets the duration requirement, we will find that you are disabled. If you do not have such an impairment(s), or if it does not meet the duration requirement, we will find that you are not disabled.

20 C.F.R. § 416.924(a).

not engaged in substantial gainful activity since her application was filed. (R. 18.) At step two, the ALJ concluded that H.J.G. had the severe impairments of attention deficit hyperactivity disorder; learning disorder; Noonan's syndrome, asymptomatic; Chiari type I malformation, asymptomatic; and failure to thrive syndrome. (*Id.*) The ALJ concluded at step three that H.J.G. did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, or that functionally equals the severity of the listings. (*Id.*) In finding that H.J.G.'s impairments do not functionally equal the severity of the listings, the ALJ discussed H.J.G.'s functioning in the six domains identified in the regulations: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. (R. 19-31); 20 C.F.R. § 416.926a(b). The ALJ found that Plaintiff had marked limitations acquiring and using information (R. 24-25), less than marked limitations in the domain of attending and completing tasks (R. 25-26), and less than marked limitations or no limitations in the other four domains of functioning (R. 26-30). Because he found that H.J.G. did not have either marked limitations in two domains of functioning or extreme limitation in one domain of functioning, the ALJ concluded that H.J.G. has not been disabled since her November 10, 2016 application. (R. 31.) In reaching this conclusion, the ALJ assigned "significant weight" to the state-agency reviewing consultants' opinions. (R. 18, 23.)

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C.

§ 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As set forth above, Plaintiff's sole contention of error is that the ALJ erred in finding that Plaintiff had less than marked limitations in the domain of attending and completing tasks. Plaintiff's contention of error lacks merit.

In determining whether a child is disabled, the Commissioner must consider all evidence in the child's case record, including information from medical sources (such as the child's pediatrician, psychologist, and qualified speech-language pathologist) and nonmedical sources

(such as the child's parents and teachers). 20 C.F.R. § 416.924a(a). At step three, if a claimant has "a severe impairment or combination of impairments that does not meet or medically equal any listing, [the Commissioner] will decide whether it results in limitations that functionally equal the listings." 20 C.F.R. § 416.926a(a). An impairment or combination of impairments "functionally equals the listings," if it is "of listing-level severity; *i.e.*, it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." *Id.* The Commissioner considers the claimant's functioning in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

When assessing the severity of a claimant's functional limitations, the Commissioner considers factors including, but not limited to: "(1) [h]ow well [the claimant] can initiate and sustain activities, how much extra help [the claimant] need[s], and the effects of structured or supportive settings . . .; (2) [h]ow [the claimant] function[s] in school . . .; and (3) [t]he effects of [the claimant's] medications or other treatment . . . ." 20 C.F.R. § 416.926a(a). The Commissioner considers the claimant's functioning in all activities, *i.e*., everything she does at home, at school, and in the community, and will compare her performance of activities to the performance of other children who do not have impairments. 20 C.F.R. § 416.926a(b).

A claimant has a "marked" limitation in a domain when her impairment "interferes seriously with [her] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation is "'more than moderate' but 'less than extreme,'" and "is the equivalent of functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.* A claimant

has an "extreme" limitation in a domain when her impairment "interferes very seriously with [her] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). An "extreme" limitation is "'more than marked,'" and is the rating the Commissioner gives to "the worst limitations." *Id.* An extreme limitation is "the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." *Id.*

Here, the ALJ concluded that H.J.G. had a marked limitation in acquiring and using information, but concluded her limitations were "less than marked" or "no limitation" in the remaining five domains. Plaintiff challenges the ALJ's decision only with regard to his finding that H.J.G. had "less than marked" limitation in attending and completing tasks, contending that the ALJ's conclusion in this regard was not supported by substantial evidence. (Pl.s' Statement of Errors 9, ECF No. 20). The ALJ explained his conclusion regarding this domain as follows:

> In February 2017 and in July 2017, the state agency consultants concluded that the claimant has less than marked limitation in attending and completing tasks (Exhibits 1A; and 3A). These assessments are given significant weight because they are consistent with the record as a whole. In November 2016, Dr. Zuccaro, the school psychologist, noted that the claimant was fidgety and required some redirection, but was able to be redirected (Exhibit 16E/4). In October 2018, the school records indicate that the claimant is adjusting well to middle school and is able to follow her schedule classroom routines, which indicates an ability to attend and complete tasks (Exhibit 6F/3).

(R. 26.)

The ALJ's conclusion that H.J.G. has less than a marked limitation in the domain of attending and completing tasks is supported by substantial evidence. As the ALJ noted, two state agency reviewing psychologists reached this conclusion after reviewing H.J.G.'s school and medical records. (*See* R. 63, 75) (noting H.J.G. "is on medication for ADHD. No focus problems noted on IEP or PCP. Mother reports [H.J.G.] is hyperactive" and "No behavior problems noted by TS or school."). These state agency psychologist opinions constitute

substantial evidence on which the ALJ may rely to determine the extent of H.J.G.'s limitations. *See* 20 C.F.R. § 416.913a(b) (ALJs are required to consider findings by state agency psychological consultants).

The ALJ noted that his conclusion regarding H.J.G.'s less than marked limitation in attending and completing tasks was also based on her school records, which the ALJ summarized elsewhere in the opinion as follows:

> On November 3, 2016, Dr. Zuccaro, a school psychologist, noted that the claimant was in 4th grade and was currently in special education for specific learning disorder. The claimant was noted to take medication for attention deficit hyperactivity disorder. The claimant was cooperative, enjoyed individual attention, was fidgety, and required some redirection but was able to be redirected. The claimant's testing indicated a full scale IQ of 77, which places the claimant in the very low range of intellectual functioning. Dr. Zuccaro noted that the claimant's teachers indicated significant concerns regarding learning problems and moderate concerns regarding attention, school problems, and study skills (Exhibit 16E/3, 4, 5, 8).
>
> In October 2018, the school records indicate that the claimant was currently in 6th grade, was adjusting well to middle school, and had no behavior problems. The school records indicate that the claimant was able to follow her schedule class routines, had friends in all her classes, and seemed to enjoy being at school. The claimant's teachers reported no behavior issues and noted that the claimant participated in class by completing assignments and answering questions voluntarily or when asked (Exhibit 6F/3).

(R. 21.) Pertinently, H.J.G.'s fourth grade teachers noted "significant" concerns regarding learning problems, but only "moderate" concerns regarding attention. (R. 269–70.) Although H.J.G.'s teachers were not using the Social Security regulations' mild—moderate—marked—extreme scale to evaluate H.J.G.'s impairments, these records still demonstrate that H.J.G.'s teachers found her limitations in attention to be less severe than those in other areas. Thus, H.J.G.'s school records are an additional source of substantial evidence supporting the ALJ's conclusion. *See* 20 C.F.R. 416.924a(a)(2)(iii) (ALJs are required to consider evidence from the claimant's teachers and any reports describing testing results, special education services, or

classroom accommodations). There was therefore no error in the ALJ's conclusion that H.J.G. was not markedly limited in attending and completing tasks.

Although Plaintiff points to evidence that could support a contrary conclusion, the undersigned is not persuaded that remand is necessary in view of the countervailing record evidence upon which the ALJ relied. Rather, "there is a zone of choice within which the decision-makers can go either way, without interference by the courts." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("As long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion."); *see also Trammell v. Comm'r of Soc. Sec.*, No. 1:13CV794, 2015 WL 1020211, at *6 (S.D. Ohio Mar. 9, 2015) ("That the evidence could be interpreted to support either a 'marked' or a 'less than marked' finding does not mean that it must be interpreted in Plaintiff's favor."). Here, the ALJ considered the record as a whole, including H.J.G.'s school records and the opinions of state agency psychologists, and identified substantial evidence supporting his finding that H.J.G. had less than a marked limitation in attending and completing tasks. The undersigned will not re-weigh the evidence. Accordingly, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED**. (ECF No. 20.)

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE